Cicely T. Ray, Esq. (SB 213677)
CICELY T. RAY & ASSOCIATES
4740 Green River Road Suite 314
Corona, CA  92878
(951) 735-2488 Office
Email: Cicely.Ray@Cicelyraylaw.com

Attorneys for Plaintiff,
CATHERINE PAGE

# UNITED STATES DISTRICT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| CATHERINE PAGE<br>　　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC.,<br>EQUIFAX, INC., EXPERIAN<br>INFORMATION SOLUTIONS, INC.<br>and SIERRA CENTRAL CREDIT UNION<br><br><br>　　　　　Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, CATHERINE PAGE ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants TRANS UNION, LLC., ("TRANS UNION"), EQUIFAX, INC. ("EQUIFAX"), EXPERIAN INFORMATION

SOLUTIONS, INC. ("EXPERIAN"), and SIERRA CENTRAL CREDIT UNION ("SCCU") (collectively referred to as "Defendants"):

### Nature of the Action

1.    This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and Cal. Civ. Code § 1785 *et seq.*

### Parties

2.    Plaintiff is a natural person at all times relevant residing in Riverside County, in the City of Riverside, in the State of California.

3.    At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.    Further, because Plaintiff is a natural person, Plaintiff was a "consumer" as the term is defined by Cal. Civ. Code § 1785.3(b).

5.    Defendant TRANS UNION is a corporation conducting business in the State of California and is headquartered in Chicago, Illinois.

6.    Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

7.    Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

8.    Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation and is a "consumer reporting agency" as that

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

term is defined by Cal. Civ. Code § 1785.3(d).

9.    Defendant TRANS UNION is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

10.    Defendant EQUIFAX is a corporation conducting business in the State of California and is headquartered in Atlanta, Georgia.

11.    Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

12.    Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

13.    Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation and is a "consumer reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

14.    Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

15.    Defendant EXPERIAN is a corporation conducting business in the State of California and is headquartered in Costa Mesa, California.

16.    Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

17.    Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

18.    Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation and is a "consumer reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

19.    Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

20.    Defendant, SCCU, is a nationally chartered bank doing business in the State of California, with its principal place of business located in Yuba City, California.

21.    Defendant, SCCU, is a "person" as defined by 47 U.S.C. §153 (39).

22.    Further, Defendant SCCU is a "person" as defined by Cal. Civ. Code § 1785.3(j).

23.    At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

24.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

25.    Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

26.    This Court has supplemental jurisdiction over the state claims as all claims arise from the same nucleus of facts.

**Factual Allegations**

27.    Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, EQUIFAX, EXPERIAN and SCCU and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

28.    CRAs, including TRANS UNION, EQUIFAX and EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

29.    On or about September 30, 2024, Plaintiff and SCCU settled an account ending in 4172 ("Account") for twenty five thousand dollars ($25,000.00)..

30.    Plaintiff made a single lump sum payment pursuant to the agreement totaling twenty five thousand dollars ($25,000.00)  on September 19, 2024, and thereby satisfied the settlement terms.

Facts Relevant to TRANS UNION

31.    On November 5, 2024, Plaintiff received a copy of her credit report from TRANS UNION.

32.    To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant SCCU reported inaccurate information regarding the Account to the CRAs, including TRANS UNION.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

33.     Specifically, TRANS UNION reported the Account as "Charged Off."  This status is inaccurate because both Plaintiff and SCCU agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

34.     Further, TRANS UNION and SCCU failed to report the payment Plaintiff made under the terms of the agreement.

35.     Additionally, TRANS UNION reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $668.00.

36.     TRANS UNION's failure to report the Account accurately and failure to report the agreement between Plaintiff and SCCU and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

37.     On November 5, 2024, Plaintiff issued a dispute to TRANS UNION regarding the inaccurate information being reported on the Account.

38.     Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

39.     Further, Plaintiff included proof of the settlement and payment to SCCU with her dispute letter.

40.     Her dispute was received on or about November 13, 2024.

41.     However, despite having received the letter and accompanying proof of payment, TRANS UNION continued to report the Account as having a current status of "Charge Off" and having an outstanding balance of $668.00.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

42.    This status is inaccurate and, at the least, misleading as SCCU has received all payments pursuant to the settlement agreement and could not consider the status as being "Charge[d] Off."

Facts Relevant to EQUIFAX

43.    On November 5, 2024, Plaintiff received a copy of her credit report from EQUIFAX.

44.    To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant SCCU reported inaccurate information regarding the Account to the CRAs, including EQUIFAX.

45.    Specifically, EQUIFAX reported the Account as "Charged Off."  This status is inaccurate because both Plaintiff and SCCU agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

46.    Further, EQUIFAX and SCCU failed to report the payment Plaintiff made under the terms of the agreement.  Specifically, EQUIFAX reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $668.00.

47.    EQUIFAX' failure to report the Account accurately and failure to report the agreement between Plaintiff and SCCU and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

48.    On November 5, 2024, Plaintiff issued a dispute to EQUIFAX regarding the inaccurate information being reported on the Account.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

49.    Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

50.    Further, Plaintiff included proof of the settlement and payment to SCCU with her dispute letter.

51.    Her dispute was received on or about November 13, 2024.

52.    However, despite having received the letter and accompanying proof of payments, EQUIFAX continued to report the Account as having a current status of "Charge Off" and having an outstanding balance of $668.00.

53.    As described above, this current status of "Charge Off" is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

## Facts Relevant to EXPERIAN

54.    On November 5, 2024, Plaintiff received a copy of her credit report from EXPERIAN.

55.    To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant SCCU reported inaccurate information regarding the Account to the CRAs, including EXPERIAN.

56.    Specifically, EXPERIAN reported the Account as "Charged Off." This status is inaccurate because both Plaintiff and SCCU agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

57.     Further, EXPERIAN and SCCU failed to report the payments Plaintiff made under the terms of the agreement.  Specifically, EXPERIAN reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $668.00.

58.     EXPERIAN's failure to report the Account accurately and failure to report the agreement between Plaintiff and SCCU and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

59.     On November 5, 2024, Plaintiff issued a dispute to EXPERIAN regarding the inaccurate information being reported on the Account.

60.     Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

61.     Further, Plaintiff included proof of the settlement and payment to SCCU with her dispute letter.

62.     Her dispute was received on or about November 13, 2024.

63.     However despite having received the letter and accompanying proof of payments, EXPERIAN continued to report the Account as having a current status of "Charge Off" and having an outstanding balance of $668.00.

64.     The aforementioned information reported by TRANS UNION, EQUIFAX and EXPERIAN regarding the Account with SCCU is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and SCCU.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

65.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANS UNION, EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

66.    As of January 3, 2025, TRANS UNION, EQUIFAX and EXPERIAN continue to report the Account inaccurately, reporting a pay status of "Charge Off" with a balance owed of $668.00.

67.    If TRANS UNION, EQUIFAX and EXPERIAN would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

68.    As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

69.    Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

70.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

71.    After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

72.    TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

73.    As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74.    TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75.    In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76.    Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

///
///

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

77.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

78.    After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

79.    Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

80.    As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

81.    TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

82.    In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

83.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANS UNION
## Violation of Cal. Civ. Code § 1785.16

84.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

85.     Pursuant to its duties under Cal. Civ. Code § 1785.16, among other things, TRANS UNION had a duty to reinvestigate its reporting of the Account within 30 days of receipt of Plaintiff's dispute letter.

86.     Further, TRANS UNION had an obligation to consider the additional paperwork Plaintiff included with the dispute letter.

87.     Had TRANS UNION considered Plaintiff's proof that the Account had been settled and paid off, TRANS UNION would not have republished the incorrect information regarding the Account.

88.     TRANS UNION'S failure to consider the information provided by Plaintiff was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT IV – TRANS UNION
## Violation of Cal. Civ. Code § 1785.14

89.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

90.     Among other obligations, Cal. Civ. Code § 1785.14 requires CRAs such as TRANS UNION to maintain reasonable procedures to ensure the maximum possible accuracy of information about the consumer to whom the information relates.

91.     TRANS UNION has failed to maintain reasonable procedures pursuant to this section as the natural result of any reasonable procedures would have led to EQUIFAX either deleting the Account from Plaintiff's credit report or, at the least, updating the Account to reflect an accurate status and balance.

92.     TRANS UNION'S failure to maintain reasonable procedures to insure maximum accuracy of Plaintiff's credit report  was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT V – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

93.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

94.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

95.    EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

96.    As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

97.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

98.    In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

99.    Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

100.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

101.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

102.    Defendant  EQUIFAX  violated  15  U.S.C.  §1681i  by  failing  to  delete
inaccurate  information  in  Plaintiff's  credit  files  after  receiving  actual  notice  of  such
inaccuracies,  by  failing  to  conduct  lawful  reinvestigations,  and  by  failing  to  maintain
reasonable  procedures  with  which  to  filter  and  verify  disputed  information  in  Plaintiff's
credit  files.

103.    As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered
damage,  and  continues  to  suffer,  actual  damages,  including  economic  loss,  damage  to
reputation, emotional distress and interference with Plaintiff's normal and usual activities
for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

104.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant
liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

105.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to
recover damages under 15 U.S.C. §1681o.

106.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant
EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII – EQUIFAX
### Violation of Cal. Civ. Code § 1785.16

107.    Plaintiff repeats and incorporates by reference into this cause of action the
allegations set forth above at Paragraphs 1-69.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

108.    Pursuant to its duties under Cal. Civ. Code § 1785.16, among other things, EQUIFAX had a duty to reinvestigate its reporting of the Account within 30 days of receipt of Plaintiff's dispute letter.

109.    Further, EQUIFAX had an obligation to consider the additional paperwork Plaintiff included with the dispute letter.

110.    Had EQUIFAX considered Plaintiff's proof that the Account had been settled and paid off, EQUIFAX would not have republished the incorrect information regarding the Account.

111.    EQUIFAX'S failure to consider the information provided by Plaintiff  was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT VIII – EQUIFAX
## Violation of Cal. Civ. Code § 1785.14

112.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

113.    Among other obligations, Cal. Civ. Code § 1785.14 requires CRAs such as EQUIFAX to maintain reasonable procedures to insure the maximum possible accuracy of information about the consumer to whom the information relates.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

114.   EQUIFAX has failed to maintain reasonable procedures pursuant to this section as the natural result of any reasonable procedures would have led to EQUIFAX either deleting the Account from Plaintiff's credit report or, at the least, updating the Account to reflect an accurate status and balance.

115.   EQUIFAX'S failure to maintain reasonable procedures to insure maximum accuracy of Plaintiff's credit report  was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT IX – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

116.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

117.   After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

118.   EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

119.   As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

120.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

121.    In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

122.    Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT X – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

123.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

124.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

125.    Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

126.   As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

127.   EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

128.   In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

129.   Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT XI – EXPERIAN
## Violation of Cal. Civ. Code § 1785.16

130.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

131.   Pursuant to its duties under Cal. Civ. Code § 1785.16, among other things, EXPERIAN had a duty to reinvestigate its reporting of the Account within 30 days of receipt of Plaintiff's dispute letter.

132.   Further, EXPERIAN had an obligation to consider the additional paperwork Plaintiff included with the dispute letter.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

133.   Had EXPERIAN considered Plaintiff's proof that the Account had been settled and paid off, EXPERIAN would not have republished the incorrect information regarding the Account.

134.   EXPERIAN'S failure to consider the information provided by Plaintiff was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT XII – EXPERIAN
### Violation of Cal. Civ. Code § 1785.14

135.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

136.   Among other obligations, Cal. Civ. Code § 1785.14 requires CRAs such as EXPERIAN to maintain reasonable procedures to insure the maximum possible accuracy of information about the consumer to whom the information relates.

137.   EXPERIAN has failed to maintain reasonable procedures pursuant to this section as the natural result of any reasonable procedures would have led to EXPERIAN either deleting the Account from Plaintiff's credit report or, at the least, updating the Account to reflect an accurate status and balance.

138.   EXPERIAN'S failure to maintain reasonable procedures to insure maximum accuracy of Plaintiff's credit report  was a direct and proximate cause, as well as a

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

### COUNT XIII– SIERRA CENTRAL CREDIT UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

139.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

140.   After receiving Plaintiff's dispute, SCCU failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

141.   SCCU violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to EQUIFAX, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of SCCU's representations to the CRAs.

142.   As a result of this conduct, action, and inaction of SCCU, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

143.    SCCU's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

144.    In the alternative, SCCU was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

145.    Plaintiff is entitled to recover costs and attorneys' fees from SCCU, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT XIV – SIERRA CENTRAL CREDIT UNION
### Violation of Cal. Civ. Code § 1785.25(a)

146.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-69.

147.    Pursuant to its duties under Cal. Civ. Code § 1785.25, among other things, SCCU disseminated information regarding the Plaintiff to the three CRA Defendants that it knew or should have known was inaccurate.

148.    SCCU's furnishing of inaccurate information was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

///

///

///

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and Cal. Civ. Code § 1785 *et seq* and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) Statutory damages of up to $5,000 for each individual negligent violation of Cal. Civ. Code § 1785, et seq., pursuant Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

d) Statutory damages of up to $5,000 for each individual willful violation of Cal. Civ. Code § 1785, et seq., pursuant Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

e) Punitive damages and equitable relief including, but not limited to, enjoining Defendant from further violations Cal. Civ. Code § 1785, et seq., pursuant to Cal. Civ. Code § 1785.31(b);

f) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

g) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

///

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted,

Dated: March 16, 2025          By: */s/ Cicely T. Ray*
                                   Cicely T. Ray, Esq. (SB 213677)
                                   CICELY T. RAY & ASSOCIATES
                                   4740 Green River Road Suite 314
                                   Corona, CA  92878
                                   (951) 735-2488 Office
                                   Email: Cicely.Ray@Cicelyraylaw.com

                                   Attorney for Plaintiffs, CATHERINE PAGE

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL